IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN M. YOUNG,

                Plaintiff,

    v.

DR. HEATHER SCHWENN, MARIA LEMIUEX,
LT. T. TAYLOR AND CAPT. FLANNERY,

                Defendants.

OPINION AND ORDER

19-cv-742-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN M. YOUNG,

                Plaintiff,

    v.

DR. HEATHER SCHWENN, SGT. MELLEM,
C/O FUNK, C/O DICKENS, DUSTIN JAYNES,
CAPT. HULCE, LT. SCULLION, S. GALLINGER,
S. SCHNEIDER, CAPT. LEFFLER, MS. WEST,
PAIGE SCHROBILGE, SGT. WARD SR.,
AND LARRY BROWN,

                Defendants.

19-cv-994-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Sean M. Young, who is incarcerated at Wisconsin Secure Program Facility, is proceeding on claims in the above-captioned cases that prison staff violated his rights under the Eighth Amendment in various ways when they placed him on observation status and subjected him to harsh and unsanitary conditions of confinement on two different occasions. Before the court are plaintiff's motion for court assistance in recruiting counsel and preliminary injunctive relief. Dkt. #11 in case no. 19-cv-742; dkt. ##5 and 7 in case

no. 19-cv-994. The motions will be denied for the reasons explained below.

OPINION

A. Motion for Court Assistance in Recruiting Counsel

As explained in the December 19, 2019 order denying plaintiff's initial request for court assistance in recruiting counsel in case no. 19-cv-742, dkt. #8, a party who wants assistance from the court in recruiting counsel must show that he is unable to afford counsel, has made reasonable efforts on his own to find a lawyer to represent him and his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010); Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). Although I found that plaintiff had met the first two requirements, I found that plaintiff did not satisfy the third requirement because he did not identify any specific reason why he needs a lawyer, beyond stating that this case is fairly complicated. Plaintiff has also failed to address this issue in his most recent motion.

At this point, plaintiff's efforts should focus on obtaining the evidence he needs to prove his claims, including collecting prison records, declarations from witnesses and any other relevant documents or evidence. Following the preliminary pretrial conference in this case, the court will issue an order that provides extensive information about how to conduct discovery and obtain evidence. Plaintiff should review that order and, if he is confused about how to obtain evidence, he should write a letter to defendants' counsel explaining

precisely which documents or other evidence he wants to obtain. If he is still confused after conferring with defendant's counsel, he should contact the court for help. In deciding any future motion for summary judgment, the court will apply the appropriate law to the facts, even if plaintiff cannot find and provide the law on his own or does not understand how the law applies to his facts.

Accordingly, I am denying plaintiff's request for court assistance in recruiting counsel without prejudice. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion for court assistance in recruiting counsel at that time.

B. Preliminary Injunctive Relief

Plaintiff has filed a motion seeking an "immediate injunction" in which he alleges that he has been subject to retaliation ever since he was granted leave to proceed in case no. 19-cv-742. I am denying plaintiff's motion for two reasons.

First, plaintiff's motion does not comply with this court's procedures for obtaining a preliminary injunction, which require a party to submit admissible evidence in support of his proposed findings of fact. Second, even if I overlook plaintiff's failure to follow the procedures, plaintiff has failed to show that he is likely to succeed on the merits of his proposed claims or that he is likely to suffer irreparable harm without the injunction, as is required to satisfy the high burden of obtaining injunctive relief. Judge v. Quinn, 612 F.3d 537, 546 (7th Cir. 2010) (citing Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008)).

Although plaintiff does not describe the alleged retaliation in any detail, he alleges that his "recreation was vindictively taken" from him, causing him to have thoughts of suicide for which he was placed on observation status a third time for several days. He also says that he is currently on a hunger strike. However, the conduct that plaintiff is complaining about is not included in his current claims, which involve the alleged harsh and unsanitary conditions of confinement he faced in observation status in November 2018 and August 2019. Generally, it is not this court's practice to consider new allegations of retaliation in the context of a pending lawsuit because doing so may disrupt the proceedings and cause undue delay. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). Accordingly, plaintiff is not entitled to emergency injunctive relief with respect to the alleged retaliation he is experiencing.

ORDER

IT IS ORDERED that plaintiff Sean M. Young's motions for court assistance in recruiting counsel and preliminary injunctive relief, dkt. #11 in case no. 19-cv-742 and dkt. ##5 and 7 in case no. 19-cv-994, are DENIED.

Entered this 26th day of February, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge