IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SEAN M. YOUNG,

                Plaintiff,                OPINION and ORDER

v.

                                            19-cv-742-wmc

HEATHER SCHWENN and DARYL FLANNERY,

                Defendants.

Under the Eighth Amendment of the United States Constitution, *pro se* plaintiff Sean M. Young is proceeding on claims that defendants Heather Schwenn and Daryl Flannery subjected him to unconstitutional conditions of confinement at Wisconsin Secure Program Facility. Trial is scheduled to begin October 18, 2021, at 8:30 a.m., at the federal courthouse in Madison, Wisconsin. A final pretrial conference ("FPTC") will be held in person on Friday, October 8, 2021 at 1:00 p.m.[1]

The parties were directed to file witness lists, exhibit lists, proposed voir dire questions, jury instructions, verdict forms, and any motions in limine by September 10, 2021. Defendants filed their materials, but Young has filed none. This order addresses defendants' five motions in limine. (Dkt. #49.) By separate email later today, the court will also circulate drafts of the court's versions of the voir dire, jury instructions and special verdict form.

---

[1] The court understands that plaintiff may face some logistics and monetary challenges in coming to the court on Friday for the FPTC, but he will need to do so again in ten days for trial anyway, and the clerk's office is willing to assist him with respect to the challenges. Moreover, the court believes it important to discuss issues face-to-face before trial, and absent videoconference ability to which he reports having no access, an in-person hearing appears the only practical option.

ANALYSIS

I.  **Motion to exclude any argument or evidence challenging the constitutionality of Young's placement under observation, his placement in mechanical restraints, his limits on property while under observation and in restraints, or his access to bathroom breaks and range of motion exercises while in restraints.**

Defendants seek to preclude Young from introducing evidence or making argument challenging the constitutionality of his placement under observation, his placement in mechanical restraints or his access to bathroom breaks or range of motion exercises while in restraints. Defendants argue that in the court's summary judgment decision (dkt. #45), Judge Crabb limited Young's claim to the denial of food and water while he was restrained and on observation status.

This motion will be GRANTED IN PART and DENIED IN PART. The court will not prohibit Young from presenting evidence about his placement on observation status and in restraints, because such evidence is necessary to provide context to his claims. However, defendants are correct that the court rejected Young's conditions-of-confinement claim to the extent it was based *solely* on his being placed on observation status, and later physically restrained, with limited property and no running water. (*Id.* at 7–8.) The court explained that those conditions, *by themselves*, were not sufficient to sustain an Eighth Amendment claim. At trial, Young may not argue that defendants violated his Eighth Amendment rights *solely* because they placed him in observation and restraints with limited property and no running water.

However, the court will not restrict Young's claim solely to being denied food and water. Contrary to defendants' motion in limine, Judge Crabb's summary judgment decision was not

2

so restrictive, nor did defendants argue at summary judgment that Young's conditions-of-confinement claim should be so limited. Indeed, the court denied defendants' motion for summary judgment based on Young's allegations that "he was denied food, bathroom breaks and movement *during the 15 hours that he was restrained*, and that he was denied water for nearly three days." (*Id.* at 9 (emphasis added).) Thus, at trial, Young may argue that defendants violated his constitutional rights by denying him access to food, water, bathroom breaks and movement during the 15 hours that he was restrained, as well as by denying him water for three days.

**II. Motion to exclude reference to the details of other legal proceedings involving defendants, any inmate grievances against defendants except those from Young related to this case, and defendants' personnel file work history.**

Defendants seek to exclude testimony or evidence about other legal proceedings involving defendants, as well as any inmate grievances against defendants except those related to this case and defendants' work personnel file. Absent plaintiff's unlikely proffer as to some specific exception under the Federal Rules of Evidence as to defendant's state of mind or pattern of behavior, this motion will be GRANTED. These unrelated proceedings and grievances are not relevant to Young's conditions-of-confinement claims. Even if the evidence was marginally relevant, it would likely be confusing to the jury, which will be asked to resolve Young's claims by considering witness testimony and other evidence of the relevant incident at issue.

**III. Motion to exclude reference to the details of any other lawsuits against the Department of Corrections or its current or former employees.**

Defendants' third motion is related to the second, and it will be granted for the same reasons.

**IV. Motion to exclude any argument, questions, testimony or evidence regarding causation of physical injury, permanence, future care and treatment, or future pain and suffering.**

Defendants ask the court to preclude Young from arguing that defendants' actions caused him injuries that would support a claim for future damages. They contend that because Young is not a medical expert, he should be limited to testifying about, and seeking damages for, his physical and mental health directly after the incident.

This motion will be DENIED. Certainly, plaintiff will be prevented from proffering expert medical testimony at trial unless previously disclosed, but defendants identify no specific topic about which they anticipate Young testifying that would require expert opinion, and the court declines to grant a motion that excludes Young from testifying about the broad topic of future damages, especially since he can describe his own perceptions as to how he felt and continues to feel about the alleged deprivations. However, the court intends to enforce the rules of evidence.

**V. Motion to allow defendants to question Young and his incarcerated potential witnesses about their criminal convictions.**

Young has not identified any incarcerated witnesses, so defendants' request to introduce evidence of witness convictions will be DENIED AS MOOT. As for Young, he was recently released from incarceration for two felony convictions from 2009 that satisfy

4

the requirements for admission under Rule 609(a)(1)(A) and 609(b) of the Federal Rules of Evidence: (1) use of computer to facilitate a child sex crime, Wis. Stat. § 948.075(1); and (2) possession of a firearm by a felon, Wis. Stat. § 941.29(2). The court will grant defendants' request to ask Young the following question: "You have been convicted of two felonies, correct?" However, defendants may not ask questions or introduce evidence about the nature of the convictions or Young's sentence unless Young were to answer "no" to that question, and even then, only to the extent of establishing the titles, dates and length of imprisonment for those offenses.

ORDER

IT IS ORDERED that defendants' motions in limine (dkt. #49) are GRANTED IN PART and DENIED IN PART as set forth above.

Entered this 5th day of October, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge